IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| TIMOTHY P. FLINN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:20CV00003 |
| ) | |
| DEUTSCHE BANK TRUST COMPANY ) | **MEMORANDUM OPINION** |
| AMERICAS, AS TRUSTEE FOR ) | |
| RESIDENTIAL ACCREDIT LOANS, INC., ) | By: Hon. Glen E. Conrad |
| MORTGAGE ASSET-BACKED PASS- ) | Senior United States District Judge |
| THROUGH CERTIFICATES, SERIES ) | |
| 2003-QS16, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on a motion for remand filed by plaintiff Timothy P. Flinn and separate motions to dismiss filed by defendants Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2003-QS16 ("Deutsche Bank") and Surety Trustees, LLC ("Surety"). For the reasons stated, the court will deny the motion for remand and grant the motions to dismiss.

**Background**

In 2003, Flinn, a Virginia resident, entered into a mortgage that was evidenced by a note and secured by a deed of trust encumbering a property in Bumpass, Virginia (the "Deed of Trust"). Compl. ¶ 6; ECF No. 5, Mot. to Dismiss, Exs. A–B.[1] The note provided that "the Lender may transfer this note," and that the "Note Holder" would be entitled to receive payments under the note. ECF No. 5, Mot. to Dismiss, Ex. A ¶ 1. The Deed of Trust identified Mortgage Electronic

---

[1] On a motion to dismiss a complaint, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396 (4th Cir. 2006). Flinn has not challenged the consideration of the recorded documents submitted by Deutsche Bank, and the court may consider them at this procedural posture. See Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014) ("It is undisputed that the district court properly considered the Deed of Trust in its analysis . . . .").

Registration Systems, Inc. ("MERS") as the original beneficiary, with the right "to exercise any or all" interests under the Deed of Trust, including the right to sell or foreclose on the Bumpass property. Compl. ¶ 7; ECF No. 5, Mot. to Dismiss, Ex. B at 3, 4. Although Flinn alleges that MERS did not have the power to transfer ownership of the note, in 2011, MERS purported to assign "all rights accrued or to accrue" under the Deed of Trust to Deutsche Bank, a New York entity with its principal place of business in New York. Compl. ¶ 7; ECF No. 5, Mot. to Dismiss, Ex. C. Flinn does not allege that MERS could not assign its interest as a beneficiary to the Deed of Trust.

In 2019, Deutsche Bank appointed Surety, a Virginia entity, as a substitute trustee. Compl. ¶ 10; ECF No. 5, Mot. to Dismiss, Ex. D. Surety later executed a foreclosure sale, and Deutsche Bank purchased the Bumpass property. Compl. ¶ 13; ECF No. 5, Mot. to Dismiss, Ex. E.

## Procedural History

In December 2019, Flinn filed a complaint in the Circuit Court of Louisa County, Virginia. Flinn alleged two counts of tortious interference with his contractual rights under the Deed of Trust, one against Deutsche Bank and one against Surety. Deutsche Bank removed Flinn's case to this court alleging diversity jurisdiction. Deutsche Bank argued that Surety's citizenship could be disregarded under the doctrine of fraudulent joinder. Thereafter, Deutsche Bank and Surety each filed a motion to dismiss Flinn's complaint under Federal Rule of Civil Procedure 12(b)(6), Flinn filed a motion for remand, and the parties briefed each motion. Deutsche Bank has also asserted a counterclaim of ejectment. The court held a telephonic hearing on the pending motions, and they are now ripe for decision.

**Discussion**

I.    **SUBJECT MATTER JURISDICTION**

Federal courts have limited subject matter jurisdiction. Thus, subject matter jurisdiction is a threshold issue, and the court must address it before reaching the merits of the case. The party asserting federal jurisdiction bears the burden of proving jurisdiction. See Hoschar v. Appalachian Power Co., 739 F.3d 163, 169 (4th Cir. 2014). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994) (internal citation omitted). Yet courts are obliged to carefully scrutinize challenges to jurisdictional authority and must "do more than simply point jurisdictional traffic in the direction of state courts." 17th Street Assocs., LLP v. Markel Int'l Ins. Co., 373 F. Supp. 2d 584, 592 (E.D. Va. 2005) (citing McKinney v. Bd. of Trs., 955 F.2d 924, 927 (4th Cir. 1992)).

Federal diversity jurisdiction requires complete diversity between a plaintiff and defendants. The fraudulent joinder doctrine permits a court "to disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction." Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). The removing party must show either "'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)).

Deutsche Bank relies on the theory "that there is no possibility" that Flinn has a cause of action against Surety. Mayes, 198 F.3d at 464 (quoting Marshall, 6 F.3d at 232); see also AIDS

3

Counseling & Testing Centers v. Grp. W Television, Inc., 903 F.2d 1000, 1003 (4th Cir. 1990). "This standard heavily favors" Flinn, "who must show only a 'glimmer of hope' of succeeding against" Surety. Johnson v. Am. Towers, LLC, 781 F.3d 693, 704 (4th Cir. 2015) (quoting Mayes, 198 F.3d at 466). In reaching that determination, the court must "resolv[e] all issues of fact and law in the plaintiff's favor." Marshall, 6 F.3d at 233. Thus, "this standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss" under Rule 12(b)(6). Hartley, 187 F.3d at 424. "A claim need not ultimately succeed to defeat removal; only a possibility of a right need be asserted." Marshall, 6 F.3d at 232–33. However, "in determining 'whether an attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available.'" Mayes, 198 F.3d at 464 (quoting AIDS Counseling, 903 F.2d at 1004).

Flinn alleges that—for various reasons that Deutsche Bank does not contest in its briefing—Deutsche Bank did not comply with the terms of its trust agreement when attempting to acquire the Deed of Trust. Compl. ¶ 8. Thus, according to Flinn, Deutsche Bank never actually procured the Deed of Trust under New York law, and it therefore had no right to appoint Surety as a substitute trustee. On that basis, Flinn contends that Deutsche Bank and Surety had no right to foreclose on the Bumpass property, and committed tortious interference in doing so.

Deutsche Bank, however, argues that Flinn has no hope of success under this theory. Deutsche Bank characterizes Flinn's complaint as a "show-me-the-note" claim, which has been rejected as interfering with Virginia's non-judicial foreclosure laws. McFadden v. Fed. Nat. Mortg. Ass'n, 525 F. App'x 223, 228 (4th Cir. 2013) (ruling that substitute trustee was fraudulently joined to quiet title action because loan assignment was "permitted under the plain language of the deed of trust and the note") (citing Horvath v. Bank of N.Y., N.A., 641 F.3d 617, 622 (4th Cir.

2011) (explaining that entity other than lender had authority to foreclose under Virginia law despite transfer of loan, based on entity's status as note holder)); Hien Pham v. Bank of New York, 856 F. Supp. 2d 804, 807 (E.D. Va. 2012) ("[T]he doctrine of fraudulent joinder compels the conclusion that removal was proper because the citizenship of the nominal beneficiary and the substitute trustee may be disregarded for purposes of the jurisdictional inquiry.").

In addition, according to Deutsche Bank, Flinn has no standing to challenge the assignment of the Deed of Trust to Deutsche Bank or Deutsche Bank's appointment of Surety as a substitute trustee. Wolf v. Fed. Nat. Mortg. Ass'n, 512 F. App'x 336, 342 (4th Cir. 2013) ("[T]he assignment does not affect Wolf's rights or duties at all. Wolf still has the obligation under the note to make payments. In fact, the only thing the assignment affects is to whom Wolf makes the payments. Thus, she has no interest in the assignment from MERS to BAC. Accordingly, she has no standing to challenge it"); Kelley v. Griffin, 471 S.E.2d 475, 477 (Va. 1996) (concluding that plaintiff who was neither a party to a contract nor a third party beneficiary of that agreement had no standing to sue on the contract). And because Flinn purportedly cannot challenge those agreements, he cannot succeed on his tortious interference claim.

In response to these arguments, Flinn contends that there is a "glimmer of hope" that he has standing to challenge the assignment of the Deed of Trust and the appointment of Surety. He cites three decisions from Virginia trial courts in support of that proposition. In Burgest v. HSBC Bank, USA, N.A., 91 Va. Cir. 266, 2015 WL 13050053 at *4–8, (City of Norfolk Cir. Ct. Feb. 26, 2016), a trial court, in dicta, concluded that a borrower had standing to challenge the appointment of a substitute trustee. In Salazar v. US Bank NA, 82 Va. Cir. 344, 2011 WL 12678216, at *4 (Fairfax Cty. Cir. Ct. Mar. 9, 2011), the Court concluded that the plaintiffs had stated a claim for quiet title by sufficiently alleging that the foreclosing bank had no right to foreclose on their home

5

because it was not a beneficiary of the underlying debt. Id. at *4–5. Third, Flinn cites to Coleman v. U.S. Bank National Association, et al., No. CL-2018-6724 (Henrico Cty. Cir. Ct. May 21, 2019) (Mot. to Remand Ex. 1). There, the Court overruled defendant's demurrer and concluded that the plaintiff had standing to pursue a tortious interference claim against a foreclosing bank "who was not a party to the original mortgage contract," and that the transfer of the mortgage contract was "void . . . pursuant to New York law . . . ." Id. at 2.

After considering the parties' arguments and applicable authority, the court concludes that Deutsche Bank has carried its burden to show that Flinn has no possibility of a cause of action against Surety. First, by requiring a foreclosing party to prove its right to foreclose, Flinn's theory of tortious interference is not meaningfully distinguishable from the "show-me-the-note" theory that the United States Court of Appeals for the Fourth Circuit has rejected. Horvath, 641 F.3d at 621–26 (holding that a transferee note holder had the authority to enforce a note by appointing a substitute trustee and foreclosing on property under Virginia common law and statutes); Brazell v. Waite, 525 F. App'x 878, 884 (10th Cir. 2013) (concluding that claims against substitute trustee were "so meritless" as to find fraudulent joinder under Utah law). The note provided that it could be transferred and Deutsche Bank was the ultimate note holder. ECF No. 5, Mot. to Dismiss Ex. C. The court believes that Flinn has no possibility of a cause of action that is contingent on contesting Deutsche Bank's authority to enforce the note. See McFadden, 525 F. App'x at 228 (ruling that substitute trustee was fraudulently joined to quiet title action because loan assignment was "permitted under the plain language of the deed of trust and the note"); Hien Pham, 856 F. Supp. 2d at 809–10 (finding no "'glimmer of hope' for [] plaintiffs in their efforts to recover against MERS and [a substitute trustee] because the claims merely recast a 'show me the note' theory, which has been widely rejected as 'contrary to Virginia's non-judicial foreclosure laws'").

Second, the court believes that decisions from the Virginia Supreme Court foreclose Flinn from having standing to challenge the assignment of the Deed of Trust to Deutsche Bank or the appointment of Surety as a substitute trustee. "[G]enerally, one who is not in privity of contract cannot attack the validity of the contract," and Flinn "cites no exception to this rule that applies here." Wells v. Shoosmith, 428 S.E.2d 909, 913 (Va. 1993) (ruling that property owners who purchased a property subject to leases did not have standing to challenge the validity of the leases); Va. Code Ann. § 55.1-119; Griffin, 471 S.E.2d at 477 (ruling that construction lender had no standing to enforce a subordination clause in a land sale contract without evidence that it was a third-party beneficiary); Prof'l Realty Corp. v. Bender, 222 S.E.2d 810, 812 (Va. 1976) ("[T]he third party beneficiary statute has no application unless the party sought to be held liable has assumed an obligation for the benefit of a third party.") (internal quotation marks omitted); Graybar Elec. Co. v. Doley, 273 F.2d 284, 289 (4th Cir. 1959) ("It is clear from the wording of the statute that it limits the right of a third person to sue upon a contract to which he is not a party to a case where it can be shown that the contract was made for his benefit.") (citing Va. Code Ann. § 55-22, the predecessor statute to § 55.1-119). Flinn offers no facts making it possible that he was an intended third-party beneficiary of or party to the assignment and appointment agreements in this case. Accordingly, the court concludes that there is no possibility of him having standing to challenge those contracts and no possibility of his claim against Surety succeeding because he will be unable to establish that Surety was not properly appointed as substitute trustee. See Jackson v. Bayview Loan Servicing, LLC, 669 F. App'x 95, 96 (4th Cir. 2016) ("[U]nder Virginia law, only a party or intended beneficiary of a contract or instrument has standing to sue on the contract or instrument.") (citing Va. Code Ann. § 55–22 and Griffin, 471 S.E.2d at 477); Pena v. HSBC Bank USA, Nat. Ass'n, 633 F. App'x 580, 583 (4th Cir. 2015) (similar).

Although no decision from the Supreme Court of Virginia has "squarely" addressed the narrow question of whether a borrower lacks standing to challenge the securitization and assignment of his or her home mortgage, the court is convinced that the Court's numerous decisions, cited above, "foreclose[]" Flinn's claims. Hartley, 187 F.3d at 424. To be sure, the court's own research shows that Virginia trial courts have noted a split of authority on the question. See Waters v. CitiMortgage, Inc., 91 Va. Cir. 460, 2013 WL 12237854 at *2 (Chesterfield Cty. Cir. Ct. Jan. 14, 2013) ("While the Supreme Court of Virginia has yet to rule on whether a borrower has standing to challenge the appointment of a substitute trustee, several other courts have addressed the issue" and created a "split" of authority.) (collecting cases). In this court's view, however, the trial court decisions cited by Flinn do not articulate a path to relief that is consistent with the law repeatedly set forth by the Supreme Court of Virginia and in Virginia statutes, and as interpreted by the Fourth Circuit. Thus, the court believes there is no question of law that this court may interpret in Flinn's favor. See Assicurazioni Generali, S.p.A. v. Neil, 160 F.3d 997, 1002 (4th Cir. 1998) ("It is axiomatic that in determining state law a federal court must look first and foremost to the law of the state's highest court, giving appropriate effect to all its implications."); 17th St. Assocs., LLP, 373 F. Supp. 2d at 601 (concluding that tortious interference claim based on theory that would conflict with Supreme Court of Virginia precedent had no "glimmer of hope" and denying motion to remand) (citing Neil, 160 F.3d at 1002).

The court also believes that its decision is in accord with the Fourth Circuit's fraudulent joinder precedent. In Hartley, the Fourth Circuit concluded that remand was proper because resolving the "novel" legal question raised in that case "depend[ed] on several variables and [might] require factual investigation." Hartley, 187 F.3d at 424–25. By contrast, this court believes that standing to challenge a contract is a question of well established, black letter law in

8

Virginia, one that forecloses Flinn's theory of relief against Surety. In Marshall, the Fourth Circuit ruled that the "plain language" of a West Virginia statute supported a particular cause of action. 6 F.3d at 233. The opposite is true here: the court believes that the plain language of section 55.1-119 forbids Flinn's cause of action. See Johnson, 781 F.3d at 707 (ruling that federal statutes preempted state common law claims); Doley, 273 F.2d at 289; see also Horvath, 641 F.3d at 626 (declining "invitation to rewrite Virginia law" that grants "parties free rein to assign and transfer notes and the deeds of trust accompanying them").

Likewise, the court finds the instant case distinguishable from those in which there was an acknowledged split in lower state courts without state high court guidance. See Leung v. Sumitomo Corp. of Am., No. 3:09-CV-05825, 2010 WL 816642, at *5 (N.D. Cal. Mar. 9, 2010) (granting remand where state courts were "split" on a predicate legal issue and noting that "[a]t this stage . . . ambiguities in state law must be resolved in plaintiffs' favor"); Bryant v. Zimmer, Inc., No. 6:06-CV-844, 2006 WL 2362360, at *1 (M.D. Fla. Aug. 14, 2006) (granting remand and declining to resolve "an apparent split" in lower state courts). Here, it seems clear that the Virginia Supreme Court and the Virginia General Assembly have conclusively decided which parties have standing to challenge a contract. The court feels compelled to follow that unambiguous, binding law. See Doley, 273 F.2d at 289; but see Conk v. Richards & O'Neil, LLP, 77 F. Supp. 2d 956, 969 n.3 (S.D. Ind. 1999) ("A federal court considering a claim of fraudulent joinder must take care not to rely on 'established rules' of state law to deny a plaintiff a fair opportunity to persuade the state courts to modify state law."). As a result, the court will disregard Surety's citizenship for jurisdictional purposes, dismiss Surety as a defendant in this case, and deny the motion to remand.[2]

---

[2] The court is satisfied that the amount in controversy exceeds $75,000. See ECF No. 1-5; Compl. ¶ 30 B. Thus, the court has jurisdiction to consider Deutsche Bank's motion to dismiss. See 28 U.S.C. § 1332(a).

## II.     FAILURE TO STATE A CLAIM

Having determined that it has jurisdiction to do so, the court concludes that the complaint fails to state a claim against Deutsche Bank.  The public record documents establish that MERS assigned its rights in the Deed of Trust to Deutsche Bank, and for the reasons set forth above, Flinn lacks standing to challenge that assignment.  Therefore, Flinn has no viable claim for tortious interference with his rights under the Deed of Trust.  As Flinn conceded at oral argument, "[a]n action for tortious interference with a contract . . . does not lie against parties to the contract, but only lies against those outside the contractual relationship, i.e., strangers to the contract or business expectancy."  Francis Hosp., Inc. v. Read Properties, LLC, 820 S.E.2d 607, 610 (Va. 2018).  In other words, "[a] person cannot intentionally interfere with his own contract."  Id. (quoting Fox v. Deese, 362 S.E.2d 699 (Va. 1987)); Jones v. Bank of Am., N.A., No. 2:11-CV-00443, 2012 WL 405053, at *6 (E.D. Va. Feb. 7, 2012) ("The note-holder of Plaintiffs' note is BOA.  Because BOA is the note-holder, Plaintiffs' tortious interference claim asserts that BOA has interfered with its own contract.  It is well established that a person cannot interfere with his or her own contract.").  Indeed, Flinn's only opposition to the motion to dismiss rests on his arguments in favor of remand.  See ECF No. 8.  Accordingly, the court will grant Deutsche Bank's motion to dismiss Flinn's complaint under Rule 12(b)(6).

## Conclusion

For the reasons stated, the court will deny the motion to remand and grant the motions to dismiss.  The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 25th day of August, 2020.

*[signature]*
Senior United States District Judge